UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:21-CR-00041-3-DCLC-CRW |
| | ) | |
| CHEYENNE LOWERY | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Cheyenne Lowery's letter [Doc. 57], which the Court construes as motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*; the Federal Defender Servicers of Eastern Tennessee's Notice of No Intention to File a Supplemental Motion [Doc. 58]; and the United States's Response in Opposition [Doc. 60]. For the reasons herein, the Court will deny Mr. Lowery's motion.

**I. BACKGROUND**

In 2021, a grand jury indicted Mr. Lowery on charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); possessing with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two); and possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). [Indictment, Doc. 3, at 1–2]. He later entered into a plea agreement and pleaded guilty to Counts Two and Three. [Plea Agreement, Doc. 30, at 1–2].

At sentencing, the Court deemed Mr. Lowery, based on prior felony convictions, to be a career offender under the Sentencing Guidelines—specifically under U.S.S.G. § 4B1.1.[1] *See* [PSR, Doc. 35, ¶ 27; Statement of Reasons, Doc. 49, at 1 (adopting the PSR without change)]. With a criminal history category of VI and a total offense level of 29, he had an advisory guidelines range of 151 to 188 months' imprisonment, but his conviction under § 924(c)(1)(A) carried with it a consecutive, sixty-month mandatory minimum sentence, 18 U.S.C. §§ 924(c)(1)(A)(i), (D)(ii), and combined with his career-offender status, it elevated his advisory guidelines range to 262 to 327 months. [PSR ¶ 78]. Over the United States's objection, the Court, after weighing 18 U.S.C. § 3553(a)'s factors, granted his motion for a variance and sentenced him to a below-guidelines sentence of 132 months' imprisonment. [Statement of Reasons at 3; J, Doc. 48, at 2]. In varying downward, the Court opined that the record overstated his criminal history, and it also expressed a policy disagreement with the Guidelines's career-offender provisions. [Statement of Reasons at 3].

Acting pro se, he now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Lowery's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v.*

---

[1] USSG § 4B1.1 increases a defendant's offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

*United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that she is entitled to a sentence reduction under § 3582(c)(2)).

First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));[2] *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[3] In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and

---

[2] This is so because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

[3] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

3

substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) "ha[s] the effect of lowering [that] defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(A)–(B).

Lastly, the Court must consider any applicable factors under 18 U.S.C. § 3553(a), as well as public-safety factors, when determining—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual § 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (providing that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the guidelines's criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl. to app. C, amend. 825. Part A of Amendment 821 addresses "status points" under USSG § 4A1.1. Status points are the criminal history points that apply to defendants who have committed their underlying federal offense while serving a prior criminal sentence—most often probation, parole, or supervised release. Specifically, Part A decreases status points from two points to one point for defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. As amended by Amendment 821, § 4A1.1 in Chapter Four of the *Guidelines Manual* now reads:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
>
> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
>
> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Guidelines Manual § 4A1.1.

In Part B, Subpart 1 of Amendment 821, the Sentencing Commission created a brand new guideline: USSG § 4C1.1 in Chapter Four of the *Guidelines Manual*, in which it instituted a decrease of two offense levels for "Zero-Point Offenders" (i.e., offenders with no criminal history points) whose offense did not involve certain aggravating factors. To receive this two-level adjustment, a zero-point offender must "meet[] all of the following criteria":

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

*Id.* § 4C1.1.

In moving for a sentence reduction, Mr. Lowery states that he would like to "get [his] two points taken off," [Def.'s Mot. at 1], so the Court construes his motion as a request for a

6

reduction under Part A. The United States argues that he is ineligible for a sentence reduction because he is a career-offender under § 4B1.1 and, therefore, Amendment 821 does not lower his guidelines range. [United States's Resp. at 2]. The United States is correct.

At sentencing, Mr. Lowery received four criminal history points and two status points for a total criminal history score of 6. [PSR ¶¶ 45–47]. Under Part A, he is now entitled to the elimination of his status points, *see* U.S. Sent'g Guidelines Manual § 4A1.1(e), without which his total criminal history score is 4 instead of 6. Although a criminal history score of 4 results in a criminal history category of III, his criminal history category remains VI because of his status as a career-offender under § 4B1.1. *See* USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").

His guidelines range was therefore derived from § 4B1.1, not § 4A1.1, and because Amendment 821 does not lower § 4B1.1's guidelines range, he fails to satisfy § 3582(c)(2)'s first requirement for a sentence reduction—i.e., the requirement that that he must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Simpson*, No. 24-5272, 2024 WL 4337488, at *3 (6th Cir. Sept. 11, 2024) ("Amendment 821 also would not reduce [the defendant's] applicable guidelines range. Amendment 821 affects the calculation of criminal-history points, but [the defendant] would remain in criminal-history category VI due to his career-offender status."); *cf. United States v. Williams*, 607 F.3d 1123, 1125–26 (6th Cir. 2010) (holding that a career offender under § 4B1.1 did not receive a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and, as a result, was not eligible for a reduction under Amendment 706).

He is therefore ineligible for a sentence reduction under Part A of Amendment 821. And because he received six criminal history points, he is plainly not a zero-point offender, so Part B does not avail him either. He is therefore not entitled to relief under § 3582(c)(2) and Amendment 821.

## IV. Conclusion

Mr. Lowery fails to demonstrate that he is entitled to a sentence reduction under § 3582(c)(2) and Amendment 821, and his pro se motion [Doc. 57] is therefore **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge